**Opinion issued July 12, 2012.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-11-00816-CV

————————————

## IN RE AMERICAN ZURICH INSURANCE COMPANY

---

**On Appeal from the 151st District Court**
**Harris County, Texas**
**Trial Court Case No. 1081742**

---

## MEMORANDUM OPINION

This mandamus petition concerns the scope of discovery in a lawsuit arising out of a workers' compensation proceeding. Real party in interest, Cathryn Thompson, sues relators, American Zurich Insurance Company and its insurance adjuster, Fai Hensel (collectively, "Zurich"), alleging that Zurich wrongfully denied and delayed payment of workers' compensation benefits to her in violation

of the Insurance Code and Deceptive Trade Practices Act, and breached its common-law duty of good faith and fair dealing.

Zurich petitions for mandamus relief from the trial court's September 23, 2011 order, compelling Zurich to produce monthly operational reports containing aggregate claims data on its Texas workers' compensation claims from January 2006 through December 2009. Zurich contends that the discovery is foreclosed by *Texas Mutual Insurance Co. v. Ruttiger*. No. 08-0751, 2012 WL 2361697 (Tex. June 22, 2012) (opinion on rehearing), decided after the trial court issued its ruling. In addition, Zurich claims that the discovery is irrelevant to Thompson's claims and overly broad. We conditionally grant mandamus relief from the trial court's order in light of the Texas Supreme Court's opinion in *Ruttiger*.

## Background

*The Underlying Suit*

Thompson alleges that she developed cubital tunnel syndrome while working for Conn's as a forklift operator in April 2009. Contending that her injury entitled her to compensation as a beneficiary of Conn's workers' compensation program, Thompson filed an insurance claim with Zurich, Conn's workers' compensation carrier. Zurich refused Thompson's claim on the basis that

2

Thompson had not demonstrated that she sustained the injury within the course and scope of her employment.

In response, Thompson filed an administrative claim with the Division of Workers' Compensation (WCD). *See* TEX. LAB. CODE ANN. § 410.023(a) (West Supp. 2011) (authorizing WCD to conduct benefit review conferences to resolve disputed workers' compensation claims); *see also id.* § 410.029 (West 2006) (disputes may be resolved in whole or in part at benefit review conference). After Thompson and Zurich were unable to reach a settlement at a benefit review conference, the matter was set for a contested case hearing to determine whether Thompson had suffered a compensable injury and whether she had been disabled as a result of her injury. *See id* § 410.151–.152 (permitting contested case hearing before qualified hearing officer). The hearing officer issued a Decision and Order, concluding that Thompson had suffered a compensable repetitive trauma in April 2009 and, as a result of her injury, had been unable to work for a period of time.

After the WCD found in her favor, Thompson filed this suit in state district court. Thompson claims that Zurich wrongfully denied and delayed payment of workers' compensation benefits due her and, therefore, knowingly violated the Insurance Code, Deceptive Trade Practices Act and breached its common-law duty of good faith and fair dealing.

*Discovery Issues*

Thompson served Zurich with requests for production and interrogatories. Relevant to this appeal, Thompson requested that Zurich produce:

> Request No. 16: Documents demonstrating American Zurich Company's claim denial rate for each year commencing 2006-2010.
>
> Request No. 18: Your report on the total and average claim cost (indemnity and medical); medial claim cost (indemnity and medical); number of claim; number of denials (medical and indemnity) for 2006-2010.

Zurich objected to Requests 16 and 18, contending that the requests were overly broad, irrelevant, and unlikely to lead to the discovery of admissible evidence. Zurich also responded that it did not maintain any such data summaries.

In reply, Thompson moved to compel Zurich to produce documents in response to Requests 16 and 18. The trial court granted Thompson's motion and ordered Zurich to identify "the report(s) provided to [Zurich claims managers] on a recurring basis . . . that are or may be responsive to [Thompson's] Request for Production 16 and 18 . . . ." In accord with the trial court's order, Zurich identified (subject to its objections) monthly operational reports that Zurich distributes to its team managers. The reports contain workers' compensation claims data reflecting: (1) the number of new claims filed, (2) sums of actual valuation reserves and reserve adequacy, (3) the amount in penalties paid, and (4) amounts paid in benefits. After reviewing the reports *in camera*, the trial court granted the motion

4

to compel and ordered Zurich to produce all operational reports for the months January 2006 through December 2009.

## Standard of Review

Mandamus relief is appropriate only if the trial court abuses its discretion and no adequate remedy by appeal exists. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). An order compelling discovery that exceeds the proper bounds is subject to mandamus review. *In re Am. Optical Corp.*, 988 S.W.2d 711, 713 (Tex. 1998) (orig. proceeding) (per curiam).

## Discussion

Zurich contends that the discovery order constitutes an abuse of discretion because *Ruttiger*, decided after the trial court ruled, forecloses Thompson's claims in this suit. 2012 WL 2361697, at *11–13, *18–19. Alternatively, Zurich claims that the trial court's order is overly broad and requires Zurich to produce documents that are irrelevant to Thompson's claims.

Generally, the scope of discovery is within the trial court's discretion; however, the trial court must impose reasonable discovery limits. *In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex. 2003) (orig. proceeding) (per curiam); *see also Dillard*

5

*Dep't Stores, Inc. v. Hall*, 909 S.W.2d 491, 492 (Tex. 1995) (orig. proceeding) (per curiam). Texas Rule of Civil Procedure 192.3(a) provides:

> [A] party may obtain discovery regarding any matter that is not privileged and is relevant to the subject matter of the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party. It is not a ground for objection that the information sought will be inadmissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

TEX. R. CIV. P. 192.3(a). "Although the scope of discovery is broad, requests must show a reasonable expectation of obtaining information that will aid the dispute's resolution. Thus, discovery requests must be 'reasonably tailored' to include only relevant matters." *In re CSX Corp.*, 124 S.W.3d at 152 (citing *In re Am. Optical Corp.*, 988 S.W.2d at 713).

Thompson contends that Zurich intentionally or knowingly violated the Insurance Code in (1) failing to effectuate a prompt, fair, and equitable settlement of her claim, (2) failing to adopt and implement standards for prompt investigation of claims arising under its policies, (3) failing to promptly explain why it denied her claim, (4) refusing to pay her claim without conducting a reasonable investigation, and (5) misrepresenting the terms of the insurance policy under which Zurich provides workers' compensation coverage. *See* TEX. INS. CODE ANN. § 541.060(a) (West 2009) (prohibiting unfair settlement practices, including failing to attempt in good faith to effectuate prompt, fair, and equitable settlement of claim

6

where insurer's liability has become reasonably clear; failing to provide to policyholder reasonable explanation for denial of claim; and refusing to pay claim without conducting reasonable investigation); *id.* § 542.003 (prohibiting carriers from engaging in unfair settlement practices); *id.* § 541.061(1)–(3) (providing that misrepresentation an insurance policy by act or omission is unfair method of competition or deceptive practice in insurance business).

In *Ruttiger*, the Texas Supreme Court held that, in light of the procedures and provisions detailed in the amended Texas Workers' Compensation Act, the legislature did not intend to provide for separate causes of action for unfair settlement practices against workers' compensation carriers under sections 541.060 and 542.003 of the Insurance Code. 2012 WL 2361697, at *11–13. Given the extensive statutory framework for workers' compensation cases, the Court further held that an injured employee may not assert a common-law claim for breach of the duty of good faith and fair dealing against a workers' compensation carrier, overruling *Aranda v. Insurance Co. of North America*, 748 S.W.2d 210 (Tex. 1988). *Id.* at *18–19. We conclude that *Ruttiger* forecloses Thompson's claims under sections 541.060 and 542.003 of the Insurance Code and her claim for breach of the duty of good faith and fair dealing. Thus, the trial court had no discretion to order discovery directed to those claims. *See id.* at *11–13, *18–19 (holding that no action may be brought by insured against workers' compensation

7

carrier under sections 541.060 or 542.003 of the Insurance Code based on delay or denial of workers' compensation benefits and concluding that claim for breach of duty of good faith does not obtain in light of amendments to workers' compensation scheme).

*Ruttiger* does not foreclose Thompson's claims that Zurich misrepresented its workers' compensation policy in violation of section 541.061 of the Insurance Code and engaged in deceptive trade practices in violation of the DTPA. We next consider whether the operational reports are within the scope of permissible discovery with respect to these claims.

### 1. *Section 541.061 of the Insurance Code*

A plaintiff may sue her insurer for misrepresentations about the scope of coverage under the Insurance Code and the DTPA. *See* TEX. INS. CODE ANN. § 541.061 (prohibiting misrepresentations of insurance policies); *see also Brown & Brown of Tex., Inc. v. Omni Metals, Inc.*, 317 S.W.3d 361, 381 (Tex. App.— Houston [1st Dist.] 2010, pet. denied). Thus, evidence supporting allegations of misrepresentation is discoverable.

Discovery of the operational reports, however, is not reasonably calculated to lead to evidence that supports Thompson's remaining claim under these provisions. The reports are internal communications distributed to Zurich's Team Managers. They contain monthly data summaries, revealing the number of new

claims filed, Zurich's claims reserves, penalties paid, and amounts paid in benefits. The reports do not interpret, represent, or analyze Zurich's workers' compensation policies generally. Thompson does not contend that the reports contain any representation regarding her workers' compensation policy individually. Nor does she allege that Zurich misrepresented its workers' compensation policy to her based on information contained in these reports—they instead reflect general claims handling for all of Zurich's Texas workers' compensation claims for a three-year period. Because the reports sought relate neither to Thompson's claim or injury specifically, nor to interpretation of the insurance policy generally, we conclude that the operational reports are not relevant to Thompson's section 541.061misrepresentation claim. As the reports are not relevant to Thompson's misrepresentation claim, the request for discovery of the reports to prove an intentional or knowing violation of the Insurance Code based on Zurich's alleged misrepresentation of its workers' compensation policy's coverage is similarly overbroad at this stage of the proceedings. *See* TEX. INS. CODE ANN. § 541.152(b) (authorizing damages for knowing violations of Insurance Code); *see also In re Allstate Cnty. Mut. Ins. Co.*, 227 S.W.3d 667, 670 (Tex. 2007) (per curiam) (granting mandamus relief when trial court ordered claims-handling information that was overbroad as to time, location, and scope).

## 2. *Deceptive Trade Practices Act*

As pleaded, Thompson's DTPA claim turns on whether or not Zurich misrepresented its insurance policy in violation of section 541.061 of the Insurance Code. *See* TEX. INS. CODE ANN. §§ 541.061, 541.151 (authorizing action under DTPA for Insurance Code violation, including misrepresentation of insurance policy); *see also* TEX. BUS. & COM. CODE 17.46(b) (West 2011). Because we conclude that the operational reports are not discoverable as they do not relate to Thompson's claim under section 541.061 of the Insurance Code, we likewise hold that the reports are not relevant to her DTPA claim. *See Ruttiger*, 2012 WL 2361697, at * 14 (dispensing of DTPA claim in workers' compensation case when claim depended on Insurance Code misrepresentation claim and evidence was insufficient to support finding that carrier misrepresented policy).

## Conclusion

In light of the Texas Supreme Court's intervening decision in *Ruttiger*, we conclude that ordering discovery of claims handling operational reports was error. We therefore conditionally grant mandamus relief and direct the trial court to vacate its discovery order. We are confident that the trial court will promptly comply, and our writ will issue only if it does not.


                                        Jane Bland
                                        Justice

Panel consists of Justices Bland, Massengale, and Brown.

11